**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JEREL E. SMITH,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | No.  1:26-CV-00906-RP |
| | § | |
| **JOSHUA TRAVIS RENO, DEANA** | § | |
| **WILLIAMSON, MICHELLE R.** | § | |
| **HALLEE,** | § | |
| *Defendants* | § | |

**ORDER AND REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
       UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Jerel Smith's Application to Proceed *In Forma Pauperis*. Dkt. 2. Because Smith is requesting permission to proceed in forma pauperis, the undersigned must review and make a recommendation on the merits of his claims pursuant to 28 U.S.C. § 1915(e).

## I.     REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Smith's financial affidavit and determined Smith is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the

1

Court hereby GRANTS Smith's request for *in forma pauperis* status, Dkt. 2. The Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Smith is further advised that, although he has been granted leave to proceed *in forma pauperis,* a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and is recommending Smith's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendants should be withheld pending the District Judge's review of the recommendations made in this report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.    REVIEW OF THE MERITS OF THE CLAIM

Because Smith has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review the Complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is

frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hou. N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Smith complains that in 2026, after he filed a motion relating to a 2017 state criminal trial, Defendants Joshua Travis Reno, Deanna Williamson, and Michelle R. Hallee (collectively, "Defendants")[1] tampered with a governmental record by assigning the motion "conflicting statuses" on the docket, including "Miscellaneous," "Action Taken/Abuse of Writ," and "Motion Received." Dkt. 1, at 2. He requests that the Court order his motion moved to the state court's active judicial docket. *Id.* at 3.

Smith fails to show standing. Standing is a constitutional prerequisite for this court's jurisdiction. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To demonstrate standing, a plaintiff must show (1) an "injury in fact," (2) a "causal connection between the injury and the conduct complained of," and (3) a likelihood that the injury will be "redressed by a favorable decision." *Id.* at 560-61 (quotations omitted). Here, Smith does not explain how Defendants' ministerial labeling of the

---

[1] Smith does not explain who Defendants are, though his complaint suggests they may be state-court staff.

status of the motion before the state court caused him any injury. *See* Dkt. 1. Though he requests that the motion be moved to the court's "active docket," there is no indication that the state court has or will decline to consider the motion based on the labeling. *See id.* at 3. Indeed, the fact that Defendants "finally" entered the motion as "received" suggests the opposite. *See id.* at 2. Because Smith does not have standing, the District Judge should dismiss his case.

### III.   ORDER AND RECOMMENDATION

The undersigned hereby **GRANTS** Smith's Application to Proceed *In Forma Pauperis.* Dkt. 2. The undersigned **RECOMMENDS** the District Judge **DISMISS** Smith's cause of action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

The undersigned **FURTHER RECOMMENDS** that the District Judge **DENY** Smith's remaining pending motion, Dkt. 7, as **MOOT**.

The referral of this case to the Magistrate Judge should now be canceled.

### IV.   WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and,

except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED May 15, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE