IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JEREL E. SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:26-CV-906-RP |
| | § | |
| JOSHUA TRAVIS RENO, et al., | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

Before the Court is the report and recommendation of United States Magistrate Judge Dustin Howell concerning Plaintiff Jerel E. Smith's ("Plaintiff") Complaint, issued pursuant to 28 U.S.C. § 1915(e), 28 U.S.C. § 636(b), and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. (R. & R., Dkt. 8). Also before the Court are Plaintiff's Motion for Preliminary Injunction, (Dkt. 7), Plaintiff's Amended Motion for Preliminary Injunction, (Dkt. 11), Plaintiff's Motion for Leave to File Amended Pleading, (Dkt. 13), and Plaintiff's Motion for Expedited Hearing, (Dkt. 20). In his report and recommendation, Judge Howell recommends that the Court dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). (R&R, Dkt. 8, at 4). Plaintiff timely filed objections to the report and recommendation. (Objs., Dkt. 10).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b). Because Plaintiff timely objected to each portion of the report and recommendation, the Court reviews the report and recommendation *de novo*.

1

Having conducted a *de novo* review, the Court agrees with the Magistrate Judge's legal analysis and adopts those portions of the report and recommendation as its own order. Plaintiff's Complaint, (Dkt. 1), fails to state a claim for relief for the reasons set forth in the report and recommendation: he did not adequately plead an injury that the Court could remedy. However, the Court will dismiss Plaintiff's Complaint without prejudice, will grant Plaintiff's motion to amend, and will consider his amended complaint, rather than with prejudice as recommended. (*See* R&R, Dkt. 8, at 4).

Given that Plaintiff filed a motion to amend his complaint after the Magistrate Judge completed his report and recommendation, and given that plaintiffs may amend their complaint prior to service once as a matter of right,[1] the Court will grant Plaintiff's motion for leave to amend, (Dkt. 13). The Court will also now complete a review of his Amended Complaint, (Dkt. 12). *See* 28 U.S.C. § 1915(e)(2) (providing that courts "shall dismiss [a] case brought [under the *in forma pauperis* statute] at any time if the court determines that . . . the action . . . is frivolous . . . [or] fails to state a claim on which relief may be granted").

Plaintiff's Amended Complaint states that this is a "civil rights action for Emergency Injunctive Relief brought under 42 U.S.C. § 1983." (Am. Compl., Dkt. 12, at 1). He pleads that Defendants are "sued in their Official Capacities to compel the performance of mandatory ministerial duties and in their Individual Capacities to prevent the ongoing personal deprivation of Plaintiff's Constitutional rights under color of state law." (*Id.*). He asserts that Defendants Deana Williamson and Joshua Reno,[2] who appear to be state-court employees, "tamper[ed]" with or "misclassif[ied]" documents he sent to a state court. (*Id.* at 2–3). Plaintiff "seeks to compel Defendants to cease the unconstitutional suppression of his legal filings and to properly docket his

---

[1] Fed. R. Civ. P. 15(a). *See also Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (finding that a pro se litigant should "[g]enerally . . . be offered an opportunity to amend his complaint before it is dismissed").
[2] Though Plaintiff also lists Michelle R. Hallee as a defendant, none of the actions alleged appear to have been taken by her.

Notice of Structural Fraud regarding a 3,296-day jurisdictional void in Case D-1-DC-16-301628." (*Id.* at 1). In other words, it appears Plaintiff desires the Court to order a state court to take certain actions regarding how they docketed certain filings.

The Court finds that, even after viewing Plaintiff's amended pleading, he fails to state a claim. Asking the Court to compel state-court officials to perform a particular duty (as Plaintiff puts it, "mandatory ministerial duties") would be a form of mandamus relief, rather than injunctive relief.[3] *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 766 (5th Cir. 2011) ("An injunction 'is a remedy to restrain the doing of injurious acts' or to require 'the undoing of injurious acts and the restoration of the status quo,' whereas 'mandamus commands the performance of a particular duty that rests on the defendant or respondent, by operation or law or because of official status.'"). But "federal courts have no authority to direct state courts or their judicial officers in the performance of their duties." *Regalado v. Hidalgo County*, No. CV 7:23-290, 2024 WL 2305262, at *13 (S.D. Tex. Apr. 25, 2024), *report and recommendation adopted,* No. 7:23-CV-00290, 2024 WL 2304268 (S.D. Tex. May 21, 2024) (citing *Hicks v. Brysch*, 989 F. Supp. 797, 811 (W.D. Tex. 1997)). The Court therefore cannot order Defendants to "move[] [documents] to the active judicial docket" or to "compel Defendants to . . . properly docket" any filings as Plaintiff requests. (*See id.* at 1, 3).

Another fatal flaw contained in Plaintiff's Amended Complaint is his failure to plead facts to overcome qualified immunity. To the extent Plaintiff's allegations relate to discretionary functions performed by Defendants rather than mandatory duties, they are entitled to the defense of qualified immunity as public officials. *See Hicks*, 989 F. Supp. at 816–17. Plaintiffs therefore must "include detailed facts supporting the contention that the plea of immunity cannot be sustained"; this "heightened pleading standard applies to *pro se* litigants." *Id.* at 818. At no point in Plaintiff's

---

[3] Courts are instructed to consider "the essence of a pro se [plaintiff's] claims rather than the label attached." *See United States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir. 1983).

Amended Complaint does he plead facts that, if assumed to be true, would show "not only that the defendant[s] violated his constitutional rights but also that the defendant[s'] conduct violated 'clearly established' legal principles." *Id.* at 820.

As such, Petitioner has failed to properly state a claim. The Court will dismiss his Amended Complaint, (Dkt. 12), pursuant to 28 U.S.C. § 1915(e). Moreover, finding that further amendment would be futile, and because Plaintiff has already been given the chance to file an amended complaint, the Court will dismiss this case with prejudice. *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566–67 (5th Cir. 2003) (explaining that a court may dismiss a case with prejudice once "a plaintiff has had fair opportunity to make his case" or when amendment would be futile). The Court will enter final judgment by separate order.

Accordingly, the Court **ORDERS** that the report and recommendation of United States Magistrate Judge Dustin Howell, (Dkt. 8), is **ADOPTED IN PART**. Plaintiff's Complaint, (Dkt. 1), is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Amended Pleading, (Dkt. 13), is **GRANTED**, such that his Amended Complaint, (Dkt. 12), is now considered the operative pleading in this case.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint, (Dkt. 12), is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all other pending motions, (Dkts. 7, 11, 20), are **DISMISSED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk's Office mail a copy of this Order to Plaintiff via certified mail. Plaintiff's address is:

8434 Darlington Dr.
Houston, TX 77028

**SIGNED** on June 29, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

5